UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN J. CAVANAUGH, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:18-cv-00281-NT |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S OBJECTION TO REMOVAL AND RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS**

In this removed action, Plaintiff John Cavanaugh, Jr., alleges Defendant Equifax Information Services, LLC violated certain credit reporting standards. The matter is before the Court on Plaintiff's Objection to Removal (ECF No. 6) and Defendant's Motion to Dismiss (ECF No. 7).

Through his Objection to Removal,[1] Plaintiff asserts that his claim arises under state and federal law, and he prefers to proceed in state court. In its Motion to Dismiss, Defendant contends Plaintiff fails to state an actionable claim if the Court takes judicial notice of a bankruptcy court proceeding in which Plaintiff was involved.

Because Plaintiff has asserted a claim within this Court's original jurisdiction, the Court denies Plaintiff's request to remand the matter to state court. Following a review of the relevant pleadings, I recommend the Court deny Defendant's Motion to Dismiss.

---

[1] The Court construes Plaintiff's Objection to Removal as a request to remand the matter to state court.

**Procedural Background**

On June 14, 2018, Plaintiff filed his complaint in Cumberland County Superior Court. (State Court Record, Complaint, ECF No. 5-2.) Plaintiff served the complaint on Defendant on June 28, 2018. (Notice of Removal, ¶ 2, ECF No. 1; June 28, 2018 Summons, ECF No. 5-5.) On July 18, 2018, Defendant removed the matter to this Court. (ECF No. 1.) Plaintiff objected to the removal on July 23, 2018. (Objection to Notice of Removal, ECF No. 6.) On July 25, 2018, Defendant filed its Motion to Dismiss. (Motion to Dismiss, ECF No. 7.)

**Factual Background**

The facts set forth herein are derived from Plaintiffs' complaint (ECF No. 5-2), which facts are deemed true for purposes of evaluating Defendant's motion to dismiss. *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011). In addition, the facts are in part drawn from the record in the bankruptcy proceeding commenced by Plaintiff in the Bankruptcy Court for the Middle District of Florida, as the Court may take judicial notice of matters of public record, including matters reflected on another court's docket. *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

Beginning in November 2017, Plaintiff applied for credit with certain lending institutions. (Complaint ¶¶ 3, 10, 19.) Plaintiff submitted his most recent credit application, according to his complaint, on June 5, 2018. (*Id.* ¶ 25.) All of the lending institutions denied Plaintiff's applications for credit and in each case noted that the denial was because his credit report reflected "charge offs," "90 days or more delinquent," a "voluntary repo," and "account included in collection." (*Id.* ¶¶ 4, 8, 11, 19, 25.)

Plaintiff contacted Defendant and disputed the accuracy of his credit report. (*Id.* ¶¶ 5, 6, 13, 16 – 18, 20, 22, 26.) In addition, Plaintiff sent Defendant a copy of schedules associated with his bankruptcy petition, which schedules included "all the negative accounts." (*Id.* ¶ 5.) According to Plaintiff, Defendant's representatives were unhelpful. (*Id.* ¶¶ 15, 20, 22, 26.)

From the first denial of credit based on a report reflecting that accounts were charged off, Plaintiff contacted Defendant and disputed the accuracy of his credit report. Plaintiff informed Defendant that he considered his credit report inaccurate because some of the debts reported as charged off were included in his pending Chapter 13 bankruptcy proceeding and that fact was not disclosed on the report. Plaintiff alleges that he supplied Defendant with records demonstrating the accounts were subject to the Chapter 13 plan; and that he told Defendant the accounts should have been identified in his report as "in wage earner plan." (Complaint ¶ 7.) According to Plaintiff, Defendant informed him it would include information in his report to show that the accounts were included in a Chapter 13 wage earner plan if, in fact, the accounts were within the plan. (*Id.* ¶¶ 9, 16.) Defendant, however, failed to update the record to reflect the Chapter 13 plan. (*Id.* ¶¶ 12, 19.)

Plaintiff alleges Defendant "maliciously, willfully, intentionally, and/or negligently failed to review any of [the] paperwork sent to them, or conduct a reasonable investigation of the Plaintiff's disputes." (*Id.* ¶ 23.) Plaintiff asserts a claim captioned "Count 1 Violations of the Fair Credit Reporting Act 15 U.S.C. [§§] 1681 et seq." Under Count 1, Plaintiff alleges Defendant violated 15 U.S.C. § 1681e(b). (*Id.* ¶ 32.)

While Plaintiff's complaint does not contain any reference to state law, in his Objection to Removal, Plaintiff states that "there is clearly a state statute that deals with the Fair Credit Reporting Act and credit reporting agencies," and he asserts that he intended to include in this action a claim under state law, citing 10 M.R.S. Chapter 210, §§ 1310, 1310-A, and 1310-C. (Objection to Removal ¶¶ 4, 5, 7, 8.)

Defendant asks the Court to take judicial notice of the docket in the matter *In re John J. Cavanaugh, Jr., Debtor*, No. 6:16-bk-5687 (M.D. Fla.). Defendant asserts that the Bankruptcy Court dismissed Plaintiff's bankruptcy petition on July 19, 2018, without discharging Plaintiff's debts. (Motion to Dismiss at 2.) The docket of the bankruptcy proceeding reflects the following:

> On August 26, 2016, Plaintiff filed a petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code.
>
> On August 28, 2016, Plaintiff filed a Chapter 13 Plan.
>
> On April 27, 2017, Plaintiff filed an Amended Chapter 13 Plan.
>
> On October 23, 2017, the Bankruptcy Court confirmed a Chapter 13 Plan.
>
> On April 18, 2018, the Chapter 13 Trustee filed a motion to dismiss Plaintiff's case for failure to make timely payment under the plan.
>
> On July 17, 2018, Plaintiff filed a motion to convert his case to a proceeding under Chapter 7 and to dismiss his Chapter 13 case.
>
> On July 19, 2018, the court granted the motion to dismiss the Chapter 13 case.

A review of Plaintiff's complaint and the bankruptcy court's docket reveals that Plaintiff's claim under the Fair Credit Reporting Act involves reporting activity that occurred after

4

the Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan, and before the court dismissed the Plan.

## Discussion

**A.     Plaintiff's Request to Remand**

The removal statute, 28 U.S.C. § 1441(a), provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Under the removal statute, where a complaint includes a claim arising under state law in addition to a claim arising under federal law, the state law claim does not prevent the defendant from removing the entire action to federal court. *Id.* § 1441(c). The federal district court is not required to sever and remand the state law claim unless the claim is not within the court's supplemental jurisdiction under 28 U.S.C. § 1367. *Id.*; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 – 64 (2005) (citing *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 – 66 (1997)).

Although Plaintiff commenced this action in state court, he asserted a claim based on the alleged violation of the federal Fair Credit Reporting Act. The United State District Court has original jurisdiction over such a claim. 15 U.S.C. § 1681p. Even if Plaintiff had included a claim under the Maine Fair Credit Reporting Act, the United States District Court would have supplemental jurisdiction over Plaintiff's state law claim because the

state law claim "form[s] part of the same case or controversy" generated by the federal claim. 28 U.S.C. § 1367(a). [2]

Accordingly, Defendant had the right to remove the action from state court. The Court, therefore, denies Plaintiff's request to remand the matter to state court.

**B.  Defendant's Motion to Dismiss**

Defendant argues Plaintiff's action should be dismissed because the mere pendency of a Chapter 13 plan does not discharge the debts set forth in the related bankruptcy schedule, and, therefore, Defendant's reports concerning Plaintiff's credit history were not inaccurate. (Motion to Dismiss, ECF No. 7.)

Under the Fair Credit Reporting Act, credit reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Additionally, "[i]f a consumer disputes the accuracy or completeness of any item contained in his or her consumer report, 15 U.S.C. § 1681i(a) requires consumer reporting agencies to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 65 (1st Cir. 2008). A credit report is inaccurate if the information it contains is "misleading in a material sense." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

---

[2] The Maine Fair Credit Reporting Act incorporates by reference the requirements of the federal Fair Credit Reporting Act. 10 M.R.S. § 1309. While the Maine Act imposes additional requirements, *id.* § 1310, and authorizes persons to file civil actions for violations of its provisions, *id.* §§ 1301-C, 1310-D, Plaintiff has not explained how his allegations would support a claim under the Maine Act that would not be available under the federal FCRA.

The Fair Credit Reporting Act authorizes a consumer to file a civil action in federal district court against any person who fails to comply with any requirement of the Act. 15 U.S.C. §§ 1681n (civil liability for willful noncompliance), 1681o (civil liability for negligent noncompliance), 1681p (jurisdiction of courts). Unless the consumer demonstrates that there was, in fact, an inaccuracy in the consumer's report, the consumer cannot sustain a claim based on the alleged failure to comply with either § 1681e(b) or § 1681i(a). *DeAndrade*, 523 F.3d at 66 – 67.[3]

Plaintiff complains Defendant continued to report outstanding accounts as charged off or delinquent, even though Plaintiff provided evidence that the debts were included in a confirmed Chapter 13 plan. Viewed in the light most favorable to Plaintiff, Plaintiff's complaint alleges Defendant recognized that several debts were included in the Chapter 13 plan, but refused to revise Plaintiff's credit report to reflect the existence of the Chapter 13 plan.

The Bankruptcy Code imposes "a restraint on creditors' ability to collect outside of the plan's terms, but it does not 'absolve' or erase either the debt or the fact that payments are past due." *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1146 (N.D. Cal. 2016). Even after the Bankruptcy Court confirms a Chapter 13 plan, the debt "may still live on in its pre-bankruptcy status if the debtor fails to perform under the plan and causes the bankruptcy to be dismissed." *Id.* Consequently, it is not inaccurate for a credit

---

[3] FCRA claims also include the element of harm. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545, 1550 (2016). Plaintiff alleges that during the relevant period he repeatedly was denied credit through the PLUS student loan program. According to Plaintiff, the Department of Education allows persons with open Chapter 13 plans to obtain student loans through its PLUS program. (Complaint ¶ 5.)

reporting agency "simply to report delinquent debts that have not been discharged in bankruptcy." *Mosley v. Monterey Fin. Servs., LLC*, No. 1:16-cv-3614, 2017 WL 8186861, at *4 (N.D. Ga. May 10, 2017) (collecting cases). Plaintiff, therefore, cannot state an actionable claim against Defendant based on the mere fact that Defendant reported the accounts as delinquent despite the Chapter 13 proceeding.

Plaintiff has also alleged that he repeatedly disputed his debts and informed Defendant that he considered his credit report inaccurate because some of the debts reported as charged off were included in his Chapter 13 plan, and the credit report issued by Defendant failed to disclose the existence of the plan. Specifically, Plaintiff alleged Defendant should have coded the accounts as being "in [a] wage earner plan." (Complaint ¶ 7.) According to Plaintiff, Defendant informed him it would include information in his report that the accounts were included in a Chapter 13 wage earner plan. (*Id.* ¶ 9.) Plaintiff also alleges Defendant failed to update his credit report to reflect the existence of the Chapter 13 plan. (*Id.* ¶ 12.) In his opposition to the motion to dismiss, Plaintiff reiterates that Defendant made misleading reports regarding his debts because, even after he demonstrated to Defendant that the debts were included in a confirmed Chapter 13 plan, Defendant failed to "code" that fact in his credit report. (Plaintiff's Objection to Motion to Dismiss ¶¶ 8 – 20, ECF No. 8.)

Whether the failure to note a debt is subject to a Chapter 13 bankruptcy proceeding could constitute a violation of the Fair Credit Reporting Act has been considered by several courts with different results. For instance, in *Barry v. Experian Information Solutions, Inc.*, No. 2:16-cv-09515, 2018 WL 3341785 (S.D.W. Va. July 6, 2018), the court "rejected the

proposition … that the failure to report that an account is included in a Chapter 13 bankruptcy proceeding is incomplete for purposes of the FCRA." *Id*. at *6. Conversely, in *Wylie v. TransUnion, LLC*, No. 3:16-cv-102, 2017 WL 835205 (W.D. Pa. Mar. 2, 2017), the court reasoned that dismissal was not appropriate where "the failure to mention that the account is subject to the bankruptcy proceedings … might have rendered the report misleading."[4] *Id.* at *7.

Whether resolution of this issue requires further development of the record can reasonably be debated. The issue might only require a legal determination – whether the failure to include in a credit report the fact that certain outstanding debts are subject to a Chapter 13 bankruptcy proceeding constitutes a violation of the Fair Credit Reporting Act. Before determining whether the question presents solely a legal issue, a factual issue, or a mixed issue of fact and law, however, further development of the record, including, for instance, information regarding the practices of the credit reporting industry, the effect of a Chapter 13 plan on debt, and the effect of Chapter 13 proceedings on lenders' willingness to extend credit, would be beneficial. Accordingly, dismissal at this stage of the proceedings is not warranted.

## Conclusion

Based on the foregoing analysis, Plaintiff's Objection to Removal (ECF No. 6) is denied. In addition, I recommend the Court deny Defendant's Motion to Dismiss (ECF

---

[4] *See also Aulbach v. Experian Info. Sols., Inc.*, 251 F. Supp. 3d 1281 (N.D. Cal. 2017). In *Aulbach*, the court, while noting contrary decisions within its district, rejected the defendant's argument that the failure to report the existence of a Chapter 13 plan could not constitute a violation of the Fair Credit Reporting Act, but dismissed the case on grounds not relevant to this matter.

No. 7) without prejudice to Defendant's ability to reassert in a future motion or at trial that the lack of reference to Chapter 13 bankruptcy proceedings in a credit report does not constitute a violation of the Fair Credit Reporting Act.

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

With respect to the order on non-dispositive matters (i.e., the denial of the Objection to Removal), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of October, 2018.